POSTED ON WEBSITE
NOT FOR PUBLICATION



# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>ANDREW BYRON RATHBONE,<br><br>        Debtor(s). | Case No. 11-29544-E-13<br>Docket Control No. ABR-3 |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION

Andrew Rathbone, the Chapter 13 Debtor in the above captioned case has presented the court with an *Ex Parte* Verified Emergency Petition for an order vacating the September 7, 2011 order of this court dismissing the Chapter 13 bankruptcy case. The *Ex Parte* Verified Emergency Petition was presented to the court at 4:15 p.m. on September 19, 2011.

The *Ex Parte* Verified Emergency Petition asserts the following as grounds for vacating the dismissal of the Chapter 13 case:

    1.    The court entered its order dismissing the Chapter 7 case on September 8, 2011.

    2.    The order was entered pursuant to a motion filed by the Chapter 13 Trustee through his attorney Neil Enmark.

3. Neil Enmark admitted that he is not authorized to practice in the Eastern District of California, citing the court to a September 13, 2011, declaration filed by Neil Enmark.[1]

4. The court relied upon the Motion filed by Neil Enmark when he had not been admitted to appear in this district in dismissing the Debtor's Chapter 13 bankruptcy case.

5. The Debtor has suffered a damage to his inherent right to procedural due process under the Federal Rules of Civil Procedure, Local Rules of the District Court, and Local Rules of the Bankruptcy Court.

6. The order dismissing the case must be vacated in the interests of good faith, fair dealing, and the inherent principle of reason being the soul of the law.

7. The emergency petition is timely as the order dismissing the case was entered on September 8, 2011, and Neil Enmark confirmed his failure to be admitted in the Eastern District of California on September 13, 2011.

8. If the September 7, 2011 order is not vacated, the Debtor stands in imminent damage of being displaced from his homestead without just cause. The Sheriff has posted a Notice to Vacate with a demand that the Debtor vacate the premises or be forcefully removed.

9. Other issues of law on scheduled to be heard concerning

---

[1] The September 13, 2011 declaration, Dckt. —, states that Mr. Enmark believed that he was admitted to appear in the Eastern District of California in 1992, but cannot prove that he was so admitted. He cannot obtain copies of checks or bank records from 1992. Within 24 hours of learning that a question existed as to whether he was admitted to appear in the Eastern District, he filed an application on September 9, 2011 and was admitted to appear in this district.

2

alleged fraudulent conduct of the Law Office of Les Zieve (attorney for the party seeking to have the Debtor evicted) been damaged prejudiced because with his bankruptcy case dismissed.

10.  Given the current real estate market and that foreclosed homes stand empty and unattended, it is greater prejudice to the Debtor than the party seeking to evict him (Federal National Home Mortgage).

11.  The Debtor believes that he has a substantial likelihood of success on the merits of a motion to strike set for hearing on September 20, 2011, and a motion on the merits based on Neil Enmark not being qualified to represent the Chapter 13 Trustee.

12.  Therefore, the Debtor seeks to have the order dismissing the Chapter 13 case vacated so that the automatic stay can go back into effect and prevent the Sheriff from evicting him.

**Consideration of *Ex Parte* Verified Emergency Petition**

While phrased as an *Ex Parte* Verified Emergency Petition, the pleading is a motion to vacate pursuant to Fed. R. Civ. P. Rule 60(a) and Fed. R. Bankr. P. 9024.  Though not referenced anywhere in the instant pleading, the court is aware that the Debtor has knowledge of this provision and the correct law upon which the requested relief is to be based.  On August 19, 2011, the Debtor filed a Motion For Relief From Order in which he express addresses the provisions of Fed. R. Civ. P. 60(b) and Fed. R. Bank. P. 9024 in seeking to vacate an order granting relief from the automatic stay.  Dckt. 55.  No discussion of those provisions is provided in support of the present Motion or any basis for granting such relief under those Rules stated.  Rather, general reference is made to due process and interests of good faith, fair dealing, and the inherent

principle of reason being the soul of the law.

The current *Ex Parte* Verified Emergency Petition does not contain any explanation or reason why, if the order dismissing the case was entered on September 8, 2011, why the Debtor is approaching the court after 4:00 p.m. on September 19, 2011, the eve of the pending eviction. The 11 days in between have expired without comment. Though the Debtor states that it is not until September 13, 2011 that Neil Enmark confirmed that he had not been admitted to appear in the Eastern District of California, the Debtor knew and asserted that Mr. Enmark was not admitted prior to September 6, 2011. This is clear in the record as the Debtor filed a motion to strike the Trustee's motion to dismiss on September 6, 2011, alleging that Neil Enmark was not admitted to appear in the Eastern District of California. Clearly, the Debtor has known of the grounds he now asserts for at least two weeks, and only seeks the assistance of the court at the very last minute.

The Debtor also states that he believes that he has a likelihood of success on the merits of striking the motion to dismiss. However, the first obstacle facing the Debtor is that no motions to strike are permitted with respect to other motions. Fed. R. Bank. P. 9014 which governs the bankruptcy court law and motion practice does not incorporate Fed. R. Bank. P. 7012 and Fed. R. Civ. P. 12 into law and motion proceedings. Fed. R. Civ. P. 12 is the rule providing for motions to strike.

Second, the Debtor's general reference to the lack due process is not well founded. The Debtor was afforded notice of the motion to dismiss (Dckt. 41, certificate of service, July 14, 2011), the filing of an opposition to the motion to dismiss (Dckts. 63, 64,

and 66, opposition, declaration, and exhibits, respectively), and a hearing on August 31, 2011. The Debtor was provided with every procedure and proceeding provided under the substantive and procedural laws to have the matter properly presented to the court. Even assuming that Neil Enmark, serving as counsel for the Trustee, was not admitted to practice before the Eastern District of California during the period that the motion was filed and the hearing, such does not impair the Debtor's due process rights.

The court issued its ruling on the motion to dismiss on August 31, 2011. Dckt. 67. The motion sought dismissal due to the Debtor's failure to file tax returns as required by 11 U.S.C. § 521(e)(2)(A).[2] As the statute provides, if the Debtor has not provided copies of Federal income tax returns for the year most

---

[2] (e) (1) If the debtor in a case under chapter 7 or 13 is an individual and if a creditor files with the court at any time a request to receive a copy of the petition, schedules, and statement of financial affairs filed by the debtor, then the court shall make such petition, such schedules, and such statement available to such creditor.

(2) (A) The debtor shall provide-

(i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and

(ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.

(B) If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

immediately due, **the court shall dismiss the case** unless the debtor demonstrates that the failure to do so is due to circumstances beyond the control of the debtor. In enacting this provision of the Bankruptcy Code, Congress mandated dismissal unless the debtor could establish the failure to file the return was due to circumstances beyond the Debtor's control.

As set forth in the court's findings of fact and conclusions of law in support of the motion to dismiss, Dckt. 67, the Debtor in this case offered the following as the basis for showing that the failure to file the return was due to circumstances beyond his control:

1. The Chapter 13 Trustee had failed to comply with 5 U.S.C. § 556(d), a portion of the Administrative Procedures Act governing administrative proceedings before certain administrative bodies. The court determined that proceeding before the bankruptcy court are not governed by the Administrative Procedures Act. 5 U.S.C. §§ 553-554, 28 U.S.C. §§ 1334, 151, and 157(b).

2. Second, the Debtor argued that it was the burden of the Trustee to first establish that the Debtor where the law imposes an obligation on him to file a tax return. This seeks to invert the law as written by Congress. The Debtor never asserted that no tax return was due, only that the Trustee must first prove that a tax return was due.

3. Third, the Debtor argued that the Bankruptcy Code was unenforceable because Congress had not authorized regulations to implement the Code. This is clearly wrong, as Congress has the power pursuant to Article I of the United States Constitution to create statutes. If it chooses to delegate power to administrative

agencies to supplement the statutes it may elect to so do, but there is no requirement that any regulations be authorized. *Yakus v. United States*, 321 U.S. 414, 424-427 (1944). Further, to accept the Debtor's argument that the Bankruptcy Code is in effective because there are no regulations would also render the purported Chapter 13 case a nullity and the sought after automatic stay nonexistent. The court rejects this argument, the Bankruptcy Code, obligation of the Debtor to provide copies of the tax returns, and mandatory dismissal if the returns are not provided are fully effective.

The court properly dismissed the case and there is little likelihood of the Debtor prevailing on a motion to strike (if such a motion were proper).

The Chapter 13 bankruptcy case was filed on April 18, 2011, and dismissed on September 7, 2011. The document filed by the Debtor titled "Plan," Dckt. 7, states that he has $16.00 a month in projected monthly disposable income. This is inconsistent with Schedule J which discloses monthly net income of $166. There are no Class One, Class Two, or Class Four secured claims to be paid. The Debtor states that he will pay 0.00% to creditors holding general unsecured claims. The court sustained an objection to confirmation of this plan. Dckt. 29. The court's findings of fact and conclusions of law sustaining the objection to confirmation are in the Civil Minutes of the hearing. Dckt. 28.

**Conclusion**

In the limited time afforded the court by the filing of this *Ex Parte* Verified Emergency Petition by the Debtor, the court has endeavored to seriously consider and rule on this request. Rather

7

than merely ignoring this request, the court dropped the other matters pending for the court's September 20, 2011 calendar and invested more than one hour of time considering this emergency request. Upon such consideration, the court determines that the requested relief is not warranted. The court is firmly convinced that this is the correct decision, which would not change if more time was afforded the court. Merely because a party waits until the eleventh hour, fifty ninth minute, and fifty ninth second before an adverse event does not result in an automatic granting of the requested relief.

Further, from this motion, the arguments, evidence and pleadings on the motion to dismiss, and the files in this case, it is clear that the bankruptcy case is being used by the Debtor after failing in his attempts in state court. The Debtor has and retains all of his rights to be enforced in the state court proceeding. Nothing has been presented to the court to indicate that the Debtor has any intent or ability to proceed with a reorganization. There are no proper grounds for this court to grant the dismissal.

The court shall issue a separate order denying the *Ex Parte Verified* Emergency Petition. This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52 and Fed. R. Bankr. P. 9014 and 7052.

Dated: September 19, 2011

RONALD H. SARGIS, Judge
United States Bankruptcy Court

8

**CERTIFICATE OF MAILING**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that the attached document(s) was served by mail to the following entities listed at the address(es) shown below:

Service List:

Les Zieve
18377 Beach Blvd #210
Huntington Beach, CA 92648

Andrew Rathbone
765 Almond Tree Ct
Dixon, CA 95620

David Cusick
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

DATE: 9/26/11

_____
Deputy Clerk

R. Lopez