

**FILED**

SEP 1 9 2011

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

|  |  |
|---|---|
| In re | Case No. 11-29544-E-13 |
|  | Docket Control No. LAZ-1 |
| ANDREW BYRON RATHBONE, |  |
|  |  |
| Debtor(s). |  |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION**

Andrew Rathbone, the Chapter 13 Debtor, filed a Motion for Order Vacating the court's prior order terminating the automatic stay, Dckt. 37, to allow the Federal National Home Mortgage Association to enforce or exercise any rights and remedies to obtain possession of the property commonly known as 765 Almondtree Court, Dixon, California. The Motion to Vacate was set for hearing pursuant to an order shortening time.

The gravamen of the Motion is that the evidence relied upon by the court, the declaration of Matthew Tokarz, was not properly before the court because it was neither signed by Matthew Tokarz nor bore his electronic signature. Local Bankruptcy Rule 9004-1(c). The Motion also asserts personal and professional attacks on



1 | the attorneys for Federal National Home Mortgage Association, the
2 | substance of the statements made in the pleadings seeking relief
3 | from the automatic stay, attacks on the state court judicial
4 | process, a conspiracy between counsel for Federal National Home
5 | Mortgage and a state court judge, and the hostility of another
6 | state court judge against the Debtor.  The court basis its ruling
7 | on the defect in the evidence, an unsigned declaration, and does
8 | not make any ruling on the merits, or lack of merit, of the various
9 | other allegations and attacks in the Motion to Vacate.

10 |     The foundation of any ruling of the court is the evidence
11 | properly presented.    The Debtor has now directed the court's
12 | attention to an unsigned declaration filed in support of the motion
13 | for relief from the automatic stay.  This defect was not presented
14 | to the court at the hearing on the motion for relief from the
15 | automatic stay, though the Debtor appeared and stated his
16 | opposition.  *See* Minutes from July 12, 2011 hearing on motion for
17 | relief from stay, Dckt. 36.  At the hearing the Debtor asserted
18 | that there had been an error in the purported foreclosure sale and
19 | that a "robo-signer" had executed documents for four different
20 | entities.    The court concluded that the issues raised were well
21 | beyond the summary nature of relief from stay proceedings, and
22 | instead would have to be addressed in a state court, district
23 | court, or adversary proceeding.    As stated by the Bankruptcy
24 | Appellate Panel in *Hamilton v. Hernandez*, No. CC-04-1434-MaTK, 2005
25 | Bankr. LEXIS 3427 (B.A.P. 9th Cir. Aug. 1, 2005), relief from stay
26 | proceedings are summary proceedings which address issues arising
27 | only under 11 U.S.C. Section 362(d).  *Hamilton*, 2005 Bankr. LEXIS
28 | 3427 at *8-*9 (citing *Johnson v. Righetti* (*In re Johnson*), 756 F.2d

2

738, 740 (9th Cir. 1985)). The court does not determine underlying issues of ownership, contractual rights of parties, or issue declaratory relief.

Pursuant to Rule 60(b), Federal Rules of Civil Procedure, and Rule 9024, Federal Rules of Bankruptcy Procedure, grounds for relief from a final judgement, order, or other proceeding are limited to:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The court uses equitable principals when applying Rule 60(b). *See* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2857 (3rd ed. 1998). Rule 60(b)(1) has been applied liberally, but the party has the duty to make some showing of why he or she was justified in failing to avoid mistake or inadvertence; gross carelessness is not enough for relief. *Id.* at § 2858.

The Debtor asserts that relief should be granted because of either fraud, the order is void, or the general any other reason

3

1  that justifies relief.  While asserting that "Fraud" has been
2  committed, it is asserted that the misrepresentations relate to the
3  evidence and arguments presented to the court.  To vacate a
4  judgment under this provision the Debtor must show that the fraud
5  prevented him from fully and fairly presenting his or her case or
6  defense.  *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1259-1260 (9th
7  Cir. 2004).  The judgment must have unfairly been obtained, not
8  merely factually incorrect.  *De Saracho v. Custom Food Machinery,*
9  *Inc.* 206 F.3d 874, 880 (9th Cir. 2000).

10      The Debtor has not shown that (1) he has a meritorious defense
11  to the motion for relief (as opposed to his argument that he has
12  claims against  Federal National Home Mortgage Association and its
13  attorneys) nor that the conduct prevented him from fairly and fully
14  asserting his defense.  Both elements are required.  *Wickens v.*
15  *Shell Oil Co.*, 620 F.3d 747, 758-759 (7th Cir. 2010).  His
16  "defense" is a litigation of the underlying extent, validity, and
17  priority of  Federal National Home Mortgage Association in the real
18  property at issue.  That cannot be determined in a motion, but must
19  be determined in an adversary proceeding, Fed. R. Bankr. P.
20  7001(2), or action filed in the state court or district court.  No
21  basis exists to vacate the order based on fraud.

22      The second ground asserted is that the order granting relief
23  is void.  Such relief is granted if the court did not have either
24  subject matter or personal jurisdiction for the proceeding.  *Wages*
25  *v. I.R.S.*, 915 F.3d 1230, 1234 (9th Cir. 1990).  The concept of a
26  void order or judgment is narrowly construed and does not include
27  a judgment for which there is an error in law or fact.  *Hoult v.*
28  *Hoult*, 57 F.3d 1, 6 (1st Cir. 1995).  For this motion, the court

4

has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b) and the reference to this bankruptcy court by the district court.   The motion for relief from the automatic stay is a core matter arising under the Bankruptcy Code.   Further, the Debtor was served and appeared at the hearing, with the court having personal jurisdiction for the proceeding.   No basis exists for vacating the judgment because it is void.

The third grounds asserted is under the general any other reason that justifies relief.   Fed. R. Civ. 60(b)(6).   Generally, extraordinary circumstances must occur which prevents a party from taking action in a timely manner to prevent or correct an erroneous judgment.   *United States v. State of Washington*, 98 F.3d 1159, 1162 (9th Cir. 1996).   The court balances the (1) public policy favoring the finality of judgments and (2) the "incessant command of the court's conscience that justice must be done in light of all the facts."   *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.ed 519, 524 (2001).

In the present case the court is concerned with a court record that does not clearly document that the witness providing the evidence necessary to support the requested relief has provided that testimony under penalty of perjury.   The court makes no determination whether the failure to execute the declaration by counsel was an oversight as stated by counsel or part of the elaborate scheme asserted by the Debtor.   Given that the hearing was set on shortened time and Federal National Home Mortgage and its attorneys were not given the opportunity to present counter evidence, the court will assume that the failure was a result of inadvertent error.

1    Even assuming that the failure to provide an executed
2  declaration was inadvertent error, it is sufficient to support
3  vacating the order under the instant facts.  A ruling of the court
4  based on the evidence submitted must clearly be based on competent
5  evidence submitted.  Just as the court would not accept unsigned
6  declarations or mere arguments in an opposition from a debtor, the
7  court will not issue orders when the creditor fails to provide
8  evidence in compliance with the law.  A written declaration
9  providing testimony may be provided, but it must be subscribed by
10 the declarant under penalty of perjury and executed.  28 U.S.C.
11 § 1746.  In the present case the declaration has not been executed.

12    Vacating the present order and conducting a further hearing
13 with the context of the motion for relief is of minor prejudice to
14 the Federal National Home Mortgage.  It can provide the declaration
15 and get back to a hearing on the matter.  It is of significance to
16 the court, as however the matter is decided, it will be decided on
17 evidence properly before the court.  The judicial process must be
18 clear and proper – whether the party agrees or disagrees with the
19 ultimate decision of the judge.  The court does not believe that
20 the Debtor intentionally omitted an opposition based on the failure
21 of the declaration to be signed, but infers from the arguments that
22 it was discovered in a frantic attempt to attack Federal National
23 Home Mortgage and its attorneys' efforts to enforce a state court
24 judgment for possession of the real property occupied by the
25 Debtor.

26    The court shall issue a separate order vacating the July 14,
27 2011 order vacating and terminating the automatic stay, Dckt. 37,
28 in its entirety.

1   This Memorandum Opinion and Decision constitutes the court's
2   findings of fact and conclusions of law pursuant to Fed. R. Civ. P.
3   52 and Fed. R. Bankr. P. 9014 and 7052.
4   Dated: September 19 , 2011

5

6   RONALD H. SARGIS, Judge
    United States Bankruptcy Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF MAILING

2
        The undersigned deputy clerk in the office of the United
States Bankruptcy Court for the Eastern District of California
3   hereby certifies that the attached document(s) was served by mail
to the following entities listed at the address(es) shown below:

4
Service List:

5

6   Les Zieve
18377 Beach Blvd #210
7   Huntington Beach, CA 92648

8   Andrew Rathbone
765 Almond Tree Ct
9   Dixon, CA 95620

10  David Cusick
PO Box 1858
11  Sacramento, CA 95812-1858

12  Office of the U.S. Trustee
Robert T Matsui United States Courthouse
13  501 I Street, Room 7-500
Sacramento, CA 95814

14

15

16

17

18  DATE: 9/20/11

19                              Jo Anna Larson
                                Deputy Clerk
20

21

22

23

24

25

26

27

28